UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-8559 FMO (PDx) | Date | March 6, 2023 |
|---|---|---|---|
| Title | GS Holistic, LLC v. 10800 Washington Blvd., LLC, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge |
|---|---|
| Gabriela Garcia | None Present |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Re: Dismissal Re: Lack of Prosecution

On November 22, 2022, plaintiff GS Holistic, LLC ("plaintiff") filed a Complaint against defendants 10800 Washington Blvd., LLC dba Nirvana Smoke and Vape ("Nirvana Smoke and Vape") and Lydia Romano ("Romano") (together, "defendants"), asserting claims for counterfeiting and trademark infringement, in violation of 15 U.S.C. § 1114, and false designation of origin and unfair competition, in violation of 15 U.S.C. § 1125(a). (See Dkt. 1, Complaint at ¶¶ 53-70). On January 27, 2023, the court issued an order requiring plaintiff to show cause why this action should not be dismissed for lack of prosecution, namely plaintiff's failure to effect service of process on defendants. (Dkt. 17, Court's Order of January 27, 2023). On February 20, 2023, plaintiff filed a Response to the Order to Show Cause and a Motion for Extension of Time to Perfect Service on Defendants (Dkt. 18, "Response").

Pursuant to Rule 4 of the Federal Rules of Civil Procedure,[1] the Complaint should have been served no later than February 20, 2023. Rule 4(m) provides that a court, on its own initiative, "must dismiss the action without prejudice" if service is not effected "within 90 days after the complaint is filed[.]" Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id.

Here, in the Response to the order to show cause, plaintiff states that "[d]ue to a turnover in staff, documents related to the issuance of the summons and service of process were not saved to the undersigned firm's computer program in enough time to serve the Defendants prior to today's deadline[,]" (see Dkt. 18, Response at ¶ 3), and "[a]s a result of this organizational oversight and excusable neglect, the Plaintiff's counsel realized only recently that Defendants had yet to be properly served[.]" (Id. at ¶ 4). Plaintiff adds that it has "recently requested a process server serve the defendants at their respective addresses." (Id. at ¶ 5). Plaintiff's response, which is not supported by any declaration, does not indicate when it "realized" that defendants had not been served, what efforts, if any, it took to prosecute this case since the filing of the Complaint in November 2022, and the precise date on which it finally asked its process server to serve

---

[1] All further "Rule" references are to the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-8559 FMO (PDx) | Date | March 6, 2023 |
|---|---|---|---|
| Title | GS Holistic, LLC v. 10800 Washington Blvd., LLC, et al. | | |

defendants.  (See, generally, id. at ¶¶ 1-6).

Plaintiff's Response has failed to establish "good cause" as required by Rule 4(m).  In another case filed by plaintiff in this District, plaintiff filed a nearly identical response to an order to show cause regarding service.  See GS Holistic, LLC v. TM Smoke Shop, Inc., 2023 WL 2307437, *1 (C.D. Cal. 2023) (noting that plaintiff's response to order to show cause stated that "[d]ue to a turnover in staff, documents related to the issuance of the summons and service of process were incorrectly saved to the Plaintiff corporate counsel firm's computer program" and that as a result of "this organizational oversight and excusable neglect, the undersigned Plaintiff's counsel realized only recently that Defendants had yet to be properly served in this case").  As that court noted, plaintiff has filed "over 140 actions" in this District since July 1, 2022[,]" id. and "[t]his is just one of many cases in which Plaintiff's counsel has failed to comply with Rule 4(m) and provided an inadequate explanation for that failure."  Id.  As the court observed, "[t]hese consistent failures, which cause the Court to have to monitor the progress of Plaintiff's counsel's cases, issue Orders to Show Cause, track and review Plaintiff's counsel's Responses, and manage the Court's docket, unnecessarily tax the Court's limited resources."  Id.

While the court finds that plaintiff's Response fails to establish the necessary good cause required by Rule 4(m), the court will nonetheless grant plaintiff additional time to effect service.

Based on the foregoing, IT IS ORDERED THAT:

1.  No later than **March 13, 2023**, plaintiff shall file proofs of service reflecting service of process on defendants.  No further extensions will be granted or considered.

2. Plaintiff is admonished that failure to file proofs of service by the deadline set forth above will result in the dismissal of the action and/or any unserved defendant.  See Fed. R. Civ. P. 4 & 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

3. The Order to Show Cause Re: Dismissal Re:  Lack of Prosecution is hereby continued pending compliance with paragraph one above.

|  | 00 | : | 00 |
|---|---|---|---|
|  | Initials of Preparer | | gga |